UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>vs.<br><br>KIMO JOHN LITTLE BIRD, SR.,<br><br>      Defendant. | CR 20-10012<br><br>MEMORANDUM IN SUPPORT OF NOTICE OF INTENT TO OFFER EVIDENCE PURSUANT TO FED. R. EVID. 414, 413, and 404(b) |

  The United States, by and through Assistant United States Attorney Jay Miller, submits the following Memorandum in Support of Government's Notice of Intent to Introduce Evidence Pursuant to Federal Rules of Evidence 414, 413, and 404(b).

**FACTS**

  Kimo John Little Bird, Sr., who was 34-years old, moved in with his mother, Priscilla Little Dog, in Little Eagle, South Dakota on or about June 3, 2016. He was on supervised release. The victim, who was 11 years old, was living with Priscilla at that same time. Little Bird paid special attention to the victim. Little Bird was removed from Priscilla's home on July 7, 2016, and placed elsewhere.

  During the time the two of them were in the home together, there was a time when the victim and Little Bird were watching television. The victim was on the floor dozing and Little Bird was on the couch. Little Bird pulled the victim

1

over to him, began rubbing her stomach softly (tickling her). Little Bird then moved his hand from her stomach, touching her vaginal area. Little Bird's hand was formed into a cup when he was touching the outside of her vagina. The victim slapped his hand away and Little Bird stopped, realizing that the victim was awake. Based on the foregoing, the Defendant was charged with Aggravated Sexual Abuse of a Child and Felony Sex Offense Against a Minor While Required to Register as a Sex Offender.

The Government has given notice of its intent to offer evidence of a prior instance of Sexual Abuse of a Minor pursuant Fed. R. Evid. 414, 413, and 404(b). As more fully set forth in the Government's Notice, the prior sexual abuse involved the Defendant sexually abusing a 14-year-old girl in June or July of 2005. Based on this conduct, the Defendant was convicted of Sexual Abuse of a Minor (File No. CR 06-30028).

## LAW AND ARGUMENT

**A. Rule 414 and Rule 413.** Federal Rule of Evidence 414(a) provides:

> In a criminal case in which a defendant is accused of child molestation, the court may admit evidence that the defendant committed any other child molestation. The evidence may be considered on any matter to which it is relevant.

Fed. R. Evid. 414(a). Similarly, Federal Rule of Evidence 413(a) provides:

In a criminal case in which a defendant is accused of a sexual assault, the court may admit evidence that the defendant committed any other sexual assault. The evidence may be considered on any matter to which it is relevant.

Fed. R. Evid. 413(a). "Child molestation" includes any conduct prohibited by 18 U.S.C. Chapter 109A and committed with a child. Fed. R. Evid. 414(d). "Sexual Assault" includes any conduct prohibited by 18 U.S.C. Chapter 109A. Here, the Defendant is charged with Aggravated Sexual Abuse of a Child and Felony Sex Offense Against a Minor While Required to Register as a Sex Offender, which are both a crimes of child molestation under Rule 414 and sexual assaults under Rule 413.

Rule 413 and Rule 414 evidence is clearly admissible. *See, e.g.*, *United States v. Withorn*, 204 F.3d 790 (8th Cir. 2000); *United States v. Mound*, 149 F.3d 799, 800 (8th Cir. 1998); *United States v. Eagle*, 137 F.3d 1011 (8th Cir. 1998); *United States v. Sumner*, 119 F.3d 658 (8th Cir. 1998); *United States v. LeCompte*, 131 F.3d 767 (8th Cir. 1997).

Precedent from the Eighth Circuit confirms that evidence of other sexual offenses offered under Rules 413—15 normally should be admitted. *United States v. Crow Eagle*, 705 F.3d 325, 327—28 (8th Cir. 2013); *United States v. Crawford*, 413 F.3d 873, 875 (8th Cir. 2005); *United States v. Carter*, 410 F.3d 1017, 1021—22 (8th Cir. 2005); *United States v. Tyndall*, 263 F.3d 848, 850 (8th Cir. 2001); *United States v. Gabe*, 237 F.3d 954, 959—60 (8th Cir. 2001).

The above-described evidence is admissible under Federal Rules of Evidence 414 and 413. Unlike Rule 404(b), Rule 414 and Rule 413 allows such evidence to be admitted and considered for its bearing "on any matter to which it is relevant." Fed. R. Evid. 414(a), 413(a). "A relevant sexual assault is one

committed in a manner similar to the charged offense." *United States v. Never Misses A Shot*, 781 F.3d 1017, 1027 (8th Cir. 2015) (quoting *United States v. Rodriguez*, 581 F.3d 775, 796 (8th Cir. 2009)). Accordingly, evidence of the Defendant's other child molestation offense may be admitted under Rule 414 to show his propensity to commit the charged child molestation offense in a particular case. Similarly, this evidence may be admitted under Rule 413 to show the Defendant's propensity to commit the charged sexual assault offense in a particular case. Rule 414 and Rule 413 also operate under a presumption that evidence of prior child molestation and sexual assault offenses is admissible, and there is no time limit on a defendant's prior conduct.

Evidence that the Defendant previously sexually assaulted a minor is relevant to the issues before the jury. The Defendant's prior offense is admissible under Rule 414 and Rule 413. Further, any danger of unfair prejudice can be mitigated by appropriate jury instructions.

**B. Rule 404(b).** As an independent basis for admission, the above-described evidence is also admissible under Federal Rule of Evidence 404(b). Admission or exclusion of evidence under Rule 414, does not limit the admission of the same evidence under Rule 404(b). In sex offense cases, evidence may be offered and admitted under both rules. *United States v. Meacham*, 115 F.3d 1488, 1490–91 (10th Cir. 1997) (admission of evidence was proper under both 404(b) and 414); *United States v. Lawrence*, 187 F.3d 68, 1999 WL 551358, at

\*\*1—2 (6th Cir. 1999) (unpublished opinion) (upholding admission of some evidence under 404(b) and other evidence under 414).

Rule 404(b) permits the admission of evidence of other crimes or similar acts of the defendant if the evidence is relevant to establish motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. The Eighth Circuit has held on a number of occasions that Rule 404(b) is a rule of inclusion, and the district court has broad discretion to admit Rule 404(b) evidence. *United States v. Butler*, 56 F.3d 941, 944 (8th Cir. 1995). The district court does not abuse that discretion unless the evidence clearly has no bearing on any other issue involved. *United States v. DeAngelo*, 13 F.3d 1228, 1232 (8th Cir. 1994).

In this case, the Defendant's previous conduct demonstrates his current motive, opportunity, preparation, plan, knowledge, and absence of mistake. The Defendant's prior conduct also shows his intent to commit the current crimes. Last, the prior acts establish the Defendant's identity as the person who committed the crimes charged in the current Indictment.

## CONCLUSION

In sum and based on the foregoing, the United States respectfully requests that the above-described evidence of the Defendant's prior conduct be admitted pursuant to Rule 414 and Rule 413, or in the alternate, pursuant to Rule 404(b). The United States requests that this Court allow this evidence to be presented in its case-in-chief, on cross-examination, and in rebuttal.

Dated this 12th day of August, 2021.

        DENNIS R. HOLMES
        Acting United States Attorney

        */s/ Jay Miller*
        _____
        Jay Miller
        Assistant United States Attorney
        P.O. Box 7240
        Pierre, SD  57501-7240
        Phone: (605) 224-5402
        Fax: (605) 224-8305
        E-mail: Jay Miller@usdoj.gov