UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 20-10012 |
| Plaintiff, | MEMORANDUM IN SUPPORT OF MOTION IN LIMINE |
| v. | RE:  RULE 412 OF THE FEDERAL RULES OF EVIDENCE |
| KIMO JOHN LITTLE BIRD, SR., | |
| Defendant. | |

Comes now the United States of America, by and through Assistant United States Attorney Jay Miller, to submit the following memorandum of law in support of its Motions in Limine re 412 evidence.

In a matter involving alleged sexual misconduct, Rule 412 bars evidence offered to prove a victim engaged in other sexual behavior or evidence offered to prove a victim's sexual predisposition. Fed. R. Evid. 412.   Three exceptions exist in criminal cases.

First, evidence of specific instances of sexual behavior by the alleged victim is admissible when offered to prove a person other than the accused was the source of semen, injury, or other physical evidence. Second, evidence of specific instances of sexual behavior by the alleged victim with respect to the person accused of the sexual misconduct is admissible when offered by the accused to prove consent or by the prosecution. Third, evidence otherwise barred is admissible if the exclusion of the evidence would violate the Constitutional rights of the defendant.

Other than exceptions listed above, evidence of sexual behavior of the victim is barred by Rule 412 of the Federal Rules of Evidence. Rule 412 protects rape victims from unwarranted intrusions into their private lives. Congress intended Rule 412 to "protect rape victims from the degrading and embarrassing disclosure of intimate details about their private lives." *See 125 Congressional Record Hearing 11944* (daily 3d. October 10, 1978, Statement of Rep. Mann).

Any other sexual behavior by the alleged victim – before or subsequent to the event charged in the instant indictment - is inadmissible under the general rule of exclusion of Rule 412 and does not fall into one of the three exceptions of admissibility. The Defendant's right to offer evidence may be limited provided that the limitations are not "arbitrary or disproportionate to the purposes they are designed to serve." *United States v. Bordeaux*, 400 F.3d 548, 558 (8th Cir. 2005) (quoting *Michigan v. Lucas*, 500 U.S. 145, 151 (1991)). The exclusion of evidence of prior, or subsequent, sexual behavior by the alleged victim saves the alleged victim from the embarrassment of having to testify about the details of her sexual history. *See United States v. Pumpkin Seed*, 572 F.3d 552, 559 (8th Cir. 2009). It also avoids the "unwarranted intrusion" into her private life which Rule 412 aims to prevent. *See United States v. Bear Stops*, 997 F.2d 451, 455 (8th Cir. 1993).

In this case, during a forensic interview, the victim named in Counts I and II of the Superseding Indictment was asked if anyone else has ever done anything to her body that she didn't like. In response, she said yes. The victim named in Counts I and II of the indictment went on to name her cousin and disclosed

that when she was living with her grandma, her cousin was also staying there. She said that her grandma made her sleep with her cousin in the living room because he was scared of the dark. She went on to report that she woke up to the cousin laying on top of her with his front on top of her back as she laid on her stomach. She said that the cousin was pulling down her pants and she told him to stop. She indicated that the cousin touched her butt and private part by reaching around under her butt while she was laying on her stomach and touched her on her clothes. His clothes were on. Her shirt was still on, but her pants were down. She said his hand was trying to squeeze her private part and she felt uncomfortable and did not like it. She pushed the cousin off the bed, and he went back to his room.

The Government would request a specific limine order to exclude evidence or argument by defense regarding the alleged conduct or that the victim identified in Counts I and II of the Superseding Indictment previously made false allegations concerning sexual abuse without a prior showing by the defense that the allegations cited by the defense are demonstrably false. *United States v. Tail*, 459 F.3d 854 (8th Cir. 2006); *United States v. Frederick*, 683 F.3d 913 (8th Cir. 2012).

Impeaching a witness's character for truthfulness is not a recognized exception to Rule 412's general prohibition on evidence of sexual history. *United States v. Withorn*, 204 F.3d 790, 795 (8th Cir.2000).

A primary interest secured by the Confrontation Clause is the right of cross-examination. The opportunity to expose "possible biases, prejudices, or

ulterior motives" of a witness, as "they may relate directly to the issues or personalities in the case at hand," is one important function of the right to confront witnesses. *Davis v. Alaska*, 415 U.S. 308, 316, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974). While the Confrontation Clause may require the admission of certain evidence otherwise excluded by the rules of evidence, it is clear that not all evidence that is "the least bit probative of credibility" must be admitted. *United States v. Bartlett*, 856 F.2d 1071, 1088 (8th Cir.1988); see also *Davis*, 415 U.S. at 321, 94 S.Ct. 1105.

As pertinent here, the Eighth Circuit Court of Appeals has held that in a sexual abuse case, evidence alleging that the accuser made prior false accusations may be excluded if the evidence has minimal probative value. *Tail*, 459 F.3d at 860; *Bartlett*, 856 F.2d at 1089; *White Buffalo*, 84 F.3d 1052, 1054 (8th Cir. 1996). The propriety of excluding such evidence is strengthened where the prior incident is unrelated to the charged conduct, and where the defendant intends to use the evidence as part of an attack on the "general credibility" of the witness. *Bartlett*, 856 F.2d at 1088.

The Court of Appeals ruled that the Confrontation Clause did not mandate the admission of this evidence, because it had only limited probative value. *Tail*, 459 F.3d at 861. The Court of Appeals found that "the evidence of falsity is weak, and there is no substantial showing that [the] allegations against Tail are part of a broader scheme involving contrived allegations against [others], or that they shared a common motivation." *Ibid.* The Court of Appeals went on to find that "admission of this evidence would have triggered mini-trials concerning

allegations unrelated to Tail's case, and thus increased the danger of jury confusion and speculation." *Ibid.* citing *Withorn*, 204 F.3d at 795; see also Fed.R.Evid. 403.

Considering the primary objectives of Rule 412 to protect sexual assault victims against invasion of privacy, potential embarrassment, and sexual stereotyping, the United States moves this Court to exclude evidence of claimed false allegations.

In addition, such evidence is inadmissible under Federal Rule of Evidence 403 in that its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

Dated this 4th day of November, 2021.

DENNIS R. HOLMES
United States Attorney

*/s/ Jay Miller*
_____
Jay Miller
Assistant United States Attorney
P.O. Box 7240
Pierre, South Dakota 57501-7240
Phone: (605) 224-5402
Fax: (605) 224-8305
E-mail: Jay.Miller@usdoj.gov