FILED
JAN 14 2022

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>KIMO JOHN LITTLE BIRD, SR.,<br><br>Defendant. | 1:20-10012-CBK<br><br><br><br>**MEMORANDUM AND ORDER** |

## I.  BACKGROUND

Mr. Kimo Little Bird, Sr., ("defendant") moves this Court to grant him a judgment of acquittal on all counts for which he was convicted in this matter. And in the alternative, Mr. Little Bird requests a new trial for the three counts on which the jury handed down guilty verdicts. The defendant filed his motion on December 1, 2021, which the Government responded to in opposition on December 8, 2021. Because none of defendant's arguments warrant disturbing the jury's verdicts in this matter, Little Bird's motion should be denied.

Defendant Little Bird was charged in a five-count superseding indictment: (I) aggravated sexual abuse of a child; (II) felony sex offense against a minor while required to register as a sex-offender; (III) sexual abuse of a person incapable of consent; (IV) felony sex offense against a minor while required to register as a sex-offender; and (V) tampering with a witness. Doc. 37. The defendant's jury trial began on November 16, 2021, with the trial lasting until November 18, 2021. On November 18, the jury was instructed by this Court and began their deliberations. After finishing their deliberations, the jury returned unanimous guilty verdicts on Counts I, II, and V, while deadlocking on Counts III and IV. Doc. 84. Accordingly, this Court declared a mistrial on Counts III

and IV. Doc. 85. The United States moved to dismiss the deadlocked counts on the same day, which was granted by this Court on November 22, 2021. Docs. 89, 94.

The events that were at issue in this proceeding resulted from two separate allegations that Mr. Little Bird engaged in improper sexual acts with his two young nieces, S.I.R. and S.S.W. Counts I and II relate to Mr. Little Bird committing aggravated sexual abuse against S.I.R. in 2016, a child who had not yet attained 12 years of age. Counts III and IV stem from purported events dating back to 2012, alleging the defendant engaged in or attempted to engage in a sexual act with another niece, S.S.W., when she was incapable of declining participation in and communicating an unwillingness to engage in the sexual act, knowing the child was incapacitated. Finally, Count V resulted from defendant's repeated 2021 phone calls while incarcerated to knowingly corruptly persuade Ms. Priscilla Little Dog (the grandmother of S.I.R. and S.S.R.), Ms. Brianne Little Bird (the mother of S.I.R. and S.S.R.), S.I.R., or S.S.W. to prevent the testimony of S.I.R. and S.S.W. accusing him of the alleged sexual acts. In short, this Count relates to Little Bird's attempts to tamper with the Government's witnesses. Because he was only convicted of the 2016 aggravated sexual abuse charge and resulting felony sex offense against a minor while required to registered as a sex offender and witness tampering charges, the 2012 allegations are not relevant to this motion.

Mr. Little Bird presents three arguments to this Court on why there is insufficient evidence in the record to convict him of Counts I, II, and V, and thus he should receive a judgment of acquittal, or in the alternative, a new trial: (1) the United States failed to adequately prove S.I.R. was not yet 12 years of age when Little Bird committed the sexual act, specifically genital touching beneath the young girl's underwear; (2) the Government did not show he acted *knowingly* when seeking to corruptly persuade Priscilla, Brianne, S.I.R., or S.S.W. to have S.I.R. and S.S.W. recant their accusations; and (3) a catch-all argument that none of the counts are supported by sufficient evidence to warrant the jury to convict him beyond a reasonable doubt. Each argument is addressed in turn, under each of the two differing legal standards for motions for judgment of acquittal and for a new trial. And throughout its analysis, the Court takes

proper caution on whether to invade the province of the jury and disrupt its carefully deliberated unanimous verdicts.

## II. DISCUSSION
### A. Legal Standard
#### 1. *Judgment of Acquittal*

Motions for judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29(a) are only granted "'where the evidence is insufficient to sustain a conviction.'" United States v. Love, — F.4th —, 2021 WL 5893809, at *4 (8th Cir. Dec. 14, 2021) (*quoting* United States v. Hardin, 889 F.3d 945, 949 (8th Cir. 2018)). The United States Court of Appeals for the Eighth Circuit's standard of review for claims of insufficient evidence "is very strict, and the verdict of a jury should not be overturned lightly." United States v. Anderson, 570 F.3d 1025, 1029 (8th Cir. 2009) (*quoting* United States v. Scott, 64 F.3d 377, 380 (8th Cir. 1995)).

"When a district court considers a motion for acquittal, it does so with 'very limited latitude.'" United States v. Williams, 647 F.3d 855, 859 (8th Cir. 2011) (*quoting* United States v. Hernandez, 301 F.3d 886, 889 (8th Cir. 2002)). See United States v. Magallon, 984 F.3d 1263, 1288 (8th Cir. 2021) ("The district court's discretion to grant an acquittal is even more limited than its discretion to grant a new trial.") (*citing* United States v. Robbins, 21 F.3d 297, 298–99 (8th Cir. 1994)). This Court will "'reverse a conviction only if no reasonable jury could have found the defendant guilty beyond a reasonable doubt.'" United States v. Thompson, 11 F.4th 925, 929 (8th Cir. 2021) (*quoting* United States v. Free, 976 F.3d 810, 813–14 (8th Cir. 2020)). See United States v. Bull, 8 F.4th 762, 770 (8th Cir. 2021) ("'Sufficiency review essentially addresses whether 'the government's case was so lacking that it should not have even been submitted to the jury.'") (*quoting* Musacchio v. United States, 577 U.S. 237, 242 (2016)). To do otherwise would intrude "on the jury's role 'to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences form basic facts to ultimate facts.'" Bull, 8 F.4th at 770 (*quoting* Musacchio, 577 U.S. at 237). This Court cannot

and will not make credibility determinations on a motion for judgment of acquittal. United States v. Ruzicka, 988 F.3d 997, 1008 (8th Cir. 2021).

"'A [] verdict may be based on circumstantial as well as direct evidence, and [t]he evidence need not exclude every reasonable hypothesis except guilt.'" United States v. White, 915 F.3d 1195, 1197 (8th Cir. 2019) (alterations in original) (*quoting* United States v. McArthur, 573 F.3d 608, 614 (8th Cir. 2009)). Rather, if the "evidence 'rationally supports two conflicting hypotheses,' we 'will not disturb the conviction.'" United States v. Hensley, 982 F.3d 1147, 1157 (8th Cir. 2020) (*quoting* McArthur, 573 F.3d at 614–15). Instead, this Court may only reverse "'if there is *no* construction of the evidence that supports the verdict.'" White, 915 F.3d at 1197 (emphasis in original) (*quoting* United States v. Provost, 237 F.3d 934, 937 (8th Cir. 2001)).

### 2. *Motion for New Trial*

While district courts hold more leeway in granting requests for new trials compared to motions for judgments of acquittal, they are nevertheless held to a high bar and not to be freely granted. This Court "may grant a motion for a new trial 'if the interest of justice so requires.'" United States v. Garcia, 569 F.3d 885, 889 (8th Cir. 2009) (*quoting* FED. R. CRIM. P. 33). Operating with greater discretion than motions for judgment of acquittal, here district courts may "grant or deny a motion for a new trial based upon the weight of the evidence, and the court may 'weigh the evidence, disbelieve witnesses, and grant a new trial even where there is substantial evidence to sustain the verdict.'" Id. (*quoting* United States v. Starr, 533 F.3d 985, 999 (8th Cir. 2008), *cert. denied*, 555 U.S. 1079 (2008). This Court also "need not view the evidence in the light most favorable to the verdict and it is permitted to weigh the evidence and evaluate the credibility of the witnesses." United States v. Hassan, 844 F.3d 723, 725–26 (8th Cir. 2016) (*citing* United States v. Knight, 800 F.3d 491, 504–05 (8th Cir. 2015)). If this Court finds there has been "'a miscarriage of justice,'" then a new trial becomes necessary. United States v. Johnson, 719 F.3d 660, 666 (8th Cir. 2013) (*quoting* United States v. Samuels, 543 F.3d 1013, 1019 (8th Cir. 2008)). However, "[m]otions for new trials based on the weight of the evidence are generally disfavored." United States v.

4

Stacks, 821 F.3d 1038, 1044 (8th Cir. 2016) (*citing* United States v. Campos, 306 F.3d 577, 579 (8th Cir. 2002)). District courts' authority to grant new trials should "rarely be exercised." Hassan, 844 F.3d at 726 (*citing* Knight, 800 F.3d at 504).

## B. Judgment of Acquittal

The defendant challenges the validity of all three convictions, arguing they "were against the great weight of evidence." Doc. 96. He proceeds to identify two specific reasons in addition to his general objections: (1) that the conviction for aggravated sexual abuse of S.I.R. in Count I of the superseding indictment was improper because the evidence in the record did not sufficiently establish she was below the age of 12 years at the time of the abuse; and (2) that Count V of the superseding indictment, convicting Little Bird of tampering with a witness, should be reversed by this Court because the evidence did not show sufficient indicia that the corrupt persuasion was done *knowingly*. Both specific contentions, as well as his general argument about the weight of the evidence, are examined.

### 1. *Count I – Aggravated Sexual Abuse*

First, Mr. Little Bird contends no reasonable juror could find, based on the evidence presented, that S.I.R. had not attained the age of 12 years when he committed aggravated sexual abuse – a charge that required the victim to have not yet attained the age of 12 years –, and thus could not convict him on Count I of the superseding indictment. See doc. 37 (charging Little Bird with violations of 18 U.S.C. §§ 1153, 2241(c), 2246(2)).

This Court instructed the jury on the elements related to the crime of aggravate sexual abuse of a child, as laid out in Count 1 of the superseding indictment:

1. On or about June 2, 2016, and July 24, 2016, the defendant voluntarily and intentionally caused, or attempted to cause, to engage in a sexual act, that is, the intentional touching, not through the clothing, of the genitalia of another person who has not attained the age of 12 years with an intent to abuse, humiliate, harass, or degrade or to arouse [S.I.R.] or gratify the sexual desire of the defendant.
2. At the time of the alleged offense, [S.I.R.] had not attained the age of 12 years.
3. The defendant is an Indian; and
4. The alleged offense occurred in Indian Country.

JURY INSTRUCTION 11, doc. 77 at 12. See United States v. Plenty Arrows, 946 F.2d 62, 66 (8th Cir. 1991) (describing aggravated sexual abuse's elements); EIGHTH CIRCUIT MODEL JURY INSTRUCTIONS, *6.18.242 Deprivation of Civil Rights (18 U.S.C. § 242)*, at 207 (defining "sexual act" to include "intentional touching, not through the clothing, of the genitalia of another person." The Model Jury Instructions derived their definition of "sexual act" from 18 U.S.C. § 2246(2). Id. at 209). Elements 3 and 4, providing the jurisdictional justification for this Count, were stipulated to by the parties. The issue presented here is whether the defendant did in fact voluntarily and intentionally pursue the aggravated sexual abuse of S.I.R., and whether it was clear she had not yet attained the age of 12 years when the abuse occurred.

  First, the jury heard testimony from S.I.R. herself explaining the sexual acts Little Bird performed without her consent. The young victim testified that she fell asleep while watching a movie with her sister and the defendant. She went on to tell the jury that Mr. Little Bird tugged her away from the air mattress where she fell asleep towards the futon where he was positioned. Next, S.I.R. testified, Little Bird put his hand down her underwear, touching her genitalia skin-to-skin. This testimony provides sufficient facts for the jury to find beyond a reasonable doubt that Mr. Little Bird did voluntarily and intentionally engage in a sexual act, namely the intentional touching of S.I.R.'s genitalia underneath the clothing.

  Next, Little Bird specifically challenges whether the age of S.I.R. at the time of the abuse was supported in the record, that is, whether she was in fact 11-years-old at the time of the genital touching. The superseding incitement charged Little Bird with committing the aggravated sexual abuse between June 3, 2016, and July 24, 2016, an age range when S.I.R. had attained 11 years of age. S.I.R. testified to her date of birth, allowing the jury to calculate her proper age of 11 years between June 3, 2016, and July 24, 2016. S.I.R. also testified to the fact she was not yet 12-years-old when this incident took place. Further, this offense was reported to Little Bird's United States Probation Officer on July 25, 2016, meaning the abuse could not have occurred after July 25, 2016.

Even if the abuse was at the very end of the charged date range, S.I.R was still 10 months away from her twelfth birthday.

This Court is not making credibility determinations on S.I.R.'s testimony, or any other evidence presented by the United States. See United States v. Ruzicka, 988 F.3d 997, 1008 (8th Cir. 2021). Instead, this Court finds that the evidence presented to the jury could have led a reasonable jury to find the defendant guilty beyond a reasonable doubt. United States v. Thompson, 11 F.4th 925, 929 (8th Cir. 2021). Operating within the "very limited latitude" that district courts hold on a motion for judgment of acquittal, this Court finds there was sufficient evidence to convict Mr. Little Bird on Count I of the superseding indictment, specifically that (1) there was intentional touching by defendant on S.I.R.'s genitalia beneath her clothing; and (2) that she had not yet attained 12 years of age when the sexual act occurred. United States v. Williams, 647 F.3d 855, 859 (8th Cir. 2011). Accordingly, defendant's motion for judgment of acquittal for Count I of the superseding indictment should be denied.

## 2. *Count V – Witness Tampering*

Next, the defendant challenges his witness tampering conviction, arguing there was not sufficient evidence before the jury to find him guilty of *knowingly* corruptly persuading a witness in this matter, and thus this Court should acquit him on Count V of the superseding indictment.

This Court instructed the jury that, to convict Mr. Little Bird of tampering with a witness in violation of 18 U.S.C. §§ 1512(b)(1),(i), they must find:

1. On or about between June 8, 2021, and October 13, 2021, the defendant knowingly corruptly persuaded or attempted to corruptly persuade Priscilla Little Dog, Brianne Little Bird, S.I.R., or S.S.W.; and
2. That defendant did so with the intent to hinder, delay, or prevent the testimony of S.I.R. or S.S.W. in the criminal case of United States of America v. Kimo John Little Bird, Sr., CR 20-10012.

JURY INSTRUCTION 16, doc. 77 at 17. See United States v. Craft, 478 F.3d 899, 900 (8th Cir. 2007) (defining elements); EIGHTH CIRCUIT MODEL JURY INSTRUCTIONS, *6.18.1512, Tampering with a Witness (18 U.S.C. § 1512(B)(1))*, at 417 (same). Defendant argues the

jury did not have sufficient evidence to convict him of *knowingly* corruptly persuading any of the individuals because "there was clear testimony form [sic] the Defendant that he was following the direction on [sic] attorney and specifically having these alleged victims contact law enforcement." DEFENDANT KIMO LITTLE BIRD'S MOTION FOR ACQUITTAL OR IN THE ALTERNATIVE, MOTION FOR A NEW TRIAL, doc. 96 at 4. Additionally, Little Bird makes bare that "the witnesses who were alleged to have been corruptly persuaded caused all of these events by lying to the Defendant about recantations of the victims which never existed." Id. Thus, defendant argues, this "negated" any possible corrupt persuasion because he was "simply acting on false information he was provided," i.e., that the two alleged victims were interested in recanting their stories. Id. While this was Little Bird's justification, it was ultimately within the province of the jury to assess whether this theory was credible. For the jury, it was not.

    Mr. Little Bird contends he was simply following the advice of his former counsel, specifically that he was trying to have the two alleged victims recant their stories because their accusations were false, rather than to corruptly persuade them from testifying or going back on their honestly held beliefs. But the United States presented alternative theories for the 13 phone calls made by the defendant, successfully arguing that he "used his relationship as a son to Priscilla and Brianne's brother to invoke their sympathy in an effort to corruptly persuade them to get S.I.R. and S.S.W. to write a letter recanting their allegations." GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR ACQUITTAL, OR IN THE ALTERNATIVE, MOTION FOR A NEW TRIAL, doc. 97 at 13. Further, the Government argued that on the July 26, 2021, phone call Mr. Little Bird sought to further entice Priscilla by promising to hand over approximately $1,500 of his federal stimulus check in order to obtain the recantations, providing further grounds for attempts at knowingly corruptly persuading his family members to aid him in this proceeding. Id.

    Considering the testimony presented, as well as the Government's exhibits concerning the phone logs, see GOVERNMENT EXHIBITS, doc. 93 at 18–51, there were two conflicting theories presented to the jury as to the purpose of these calls. Defendant

contends he was simply adhering to former counsel's advice and following up on what he was told by Priscilla and Brianne about interest on the part of the alleged victims to recant. In turn, the Government argued before the jury and now before this Court that Little Bird sought to use his relationship to Brianne and Priscilla to garner sympathy – as well as financial incentives – to convince S.I.R. and S.S.R. to recant their allegations. In instructing the jury, this Court made clear that to act with "intent to influence" meant Mr. Little Bird had the "purpose of getting the person to change or color or shade her testimony in some way." JURY INSTRUCTION 16, doc. 77 at 17. There was sufficient evidence before the jury on whether these attempts to corruptly persuade were in fact knowing. The jury deliberated and found, beyond a reasonable doubt, that the defendant did in fact possess the requisite *mens rea*.

The evidence here presented "two conflicting hypotheses" about the purpose of Little Bird's phone calls. United States v. Hensley, 982 F.3d 1147, 1157 (8th Cir. 2020). The jury found more credible the Government's theory of events. Their verdict will not be disturbed.

    3. *Count II – Felony Sex Offense While Required to Register as Sex Offender*

Finally, without any specific attacks on the conviction other than a lack of sufficient evidence, Mr. Little Bird also takes issue with Count II of the superseding indictment. Count II charged the defendant with committing a felony sex offense against a minor while required to register as a sex offender, in violation of 18 U.S.C. § 2260A.

The jury was instructed of the following elements for felony sex offense against a minor while required to register as a sex offender:

1. On or about between June 2, 2016, and July 24, 2016, the defendant committed aggravated sexual abuse of a child as charged in Count I of the superseding indictment; and
2. At the time the defendant committed the offense the defendant was required by federal, state, or tribal law to register as a sex offender.

JURY INSTRUCTION 12, doc. 77 at 13. See United States v. Charles, 895 F.3d 560, 565 (8th Cir. 2018) (explaining requirements to convict pursuant to 18 U.S.C. § 2260A).

Mr. Little Bird stipulated to the second element requiring the jury to find defendant was required by federal, state, or tribal law to register as a sex offender. So, the threshold question here is the same as previously discussed above: whether he committed aggravated sexual abuse against S.I.R., as listed in Count I of the superseding indictment. The Court will not repeat its analysis; rather, because the jury was within its rights on the evidence before it to convict Mr. Little Bird on aggravated sexual abuse of S.I.R., this conviction under Count II must also stand.

### C. Request for New Trial

With the greater discretion that this Court holds under a motion for new trial opposed to motion for judgment of acquittal, it nevertheless arrives at the same result: the three verdicts of the jury should not be disturbed. Cognizant that motions for new trials grounded in insufficiency of the evidence should be disfavored, this matter does not rise to the high bar for a new trial. United States v. Stacks, 821 F.3d 1038, 1044 (8th Cir. 2016).

Mr. Little Bird's request for a new trial based on a lack of sufficient evidence before the jury stems from the same facts explained above, *supra* **II.B**, and should be denied.

#### 1. *Count I – Aggravated Sexual Abuse*

For Count I of the superseding indictment, aggravated sexual abuse, the Government successfully presented the requisite showing of evidence so that the jury could convict defendant beyond a reasonable doubt. Even when delving into credibility determinations and re-weighing the evidence presented, the United States convincingly argued before the jury the two elements in controversy: (1) whether Little Bird acted intentionally; and (2) whether S.I.R. was below 12 years of age. The Government had S.I.R. present her age and date of birth to the jury so that they could discern she was below 12 years of age at the time of the abuse. Further, S.I.R. testified to the intentional misconduct of Mr. Little Bird on the futon when he performed the sexual act on the young girl, namely the genital touching beneath her underwear. Even when operating

with greater latitude than for the defendant's motion for judgment of acquittal, this Court's ultimate decision remains unchanged: the jury's verdict must stand.

### 2. *Count V – Witness Tampering*

Next, Little Bird still falls short on his challenge to the witness tampering conviction. The defendant's counsel ably challenged the credibility of Priscilla and Brianne during the jury trial, presenting alternative theories for the jury on the purpose of the 13 phone calls. And here, the defendant argues there was not sufficient showing for a finding that he acted *knowingly* to corruptly persuade the witnesses. Even when not viewing the evidence in the light most favorable to the verdict, this Court finds no grounds for a new trial on Count V of the superseding indictment: (1) the defendant used his personal relationships with Brianne and Priscilla to coerce them into pushing S.I.R. and S.S.W. to recant their accusations, as well as (2) through the approximately $1,500 payout derived from Little Bird's stimulus check. These factors, when measured against credibility challenges presented by the defense, provide sufficient support for the witness tampering conviction and the requisite *mens rea* for the charge. This Court finds the conviction appropriate based upon the evidence presented at trial and holds that the jury's verdict should not be disturbed.

### 3. *Count II – Felony Sex Offense While Required to Register as Sex Offender*

Finally, because the Court finds that the conviction for Count I of the superseding indictment, aggravated sexual abuse conviction of S.I.R., should not be disturbed, neither should Count II. Under Count II of the superseding indictment the jury convicted Little Bird of felony sex offense against a minor while required to register as a sex offender. Because defendant stipulated he was required by federal, state, or tribal law to register as a sex offender at the time of the alleged offense, the only element in dispute was whether he committed aggravated sexual abuse. Because the jury found he did in fact commit aggravated sexual abuse against S.I.R., this conviction must stand as well.

### III. CONCLUSION

The jury carefully deliberated all five charges laid upon Mr. Little Bird. After performing their civic duty, the jury sent back a mixed verdict: guilty on three counts,

deadlocked on two others. This in of itself shows this jury was not some rubber stamp on the charges brought by the United States; rather, these 12 citizens took their duty to heart and carefully assessed the evidence before them, making credibility determinations when necessary.

Courts should and must be wary to invade the province of the jury and grant a motion for judgment of acquittal or motion for new trial. In this matter, none of the three convictions Mr. Little Bird ultimately received warrant disregarding the careful deliberations of the defendant's peers. Accordingly, defendant's motion should be denied.

IT IS HEREBY ORDERED that defendant Kimo J. Little Bird, Sr.'s motion for judgment of acquittal, or in the alternative, motion for a new trial, doc. 96, is denied.

DATED this 10th day of January, 2022

BY THE COURT:

*[signature: Charles B. Kornmann]*

_____
CHARLES B. KORNMANN
United States District Judge